IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>**DWIGHT MOODY COX**,<br>[DOB: 11/12/1961]<br><br>    Defendant. | No. 18-03136-01-CR-S-BP<br><br>**COUNT 1**<br>18 U.S.C. § 1343<br>NMT 20 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**FORFEITURE ALLEGATION**<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461<br><br>$100 Special Assessment per felony |

**I N F O R M A T I O N**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this Information:

**Introduction**

1. Between January 1, 2009, through November 30, 2017, said dates being approximate, the defendant, **DWIGHT MOODY COX,** was the owner and operator of Dwight Cox Cattle Company (DCCC). DCCC was headquartered and operated in Christian County, Missouri, within the Western District of Missouri.

2. The aforementioned company, owned and operated by the defendant, entered into contracts with various companies to provide cattle purchase and grazing services. The purpose of the contracts was for DCCC to purchase cattle in the region, provide pasture and feed for the purchased cattle to graze, provide care for the cattle until they achieved a specified body weight, and then ultimately ship the cattle to their respective clients.

1

3. **COX**, through DCCC, was paid for his purchase of the cattle, providing pasture and feed for the cattle, and tending to the cattle, as well as the shipment of the cattle to his clients. Finally, **COX** received a percentage of the sale of each head of cattle by their respective client.

4. As the owner and operator of DCCC, **COX**, was contracted by Texas Beef Cattle Company (TBCC) to purchase cattle, provide pasture and feed for the cattle to graze, provide care for the cattle until they achieved a specified body weight, and then ship the cattle to TBCC.

5. TBCC is a company that was headquartered and operated primarily in Amarillo, Texas.

6. **COX** created and submitted monthly invoices to TBCC. The invoices submitted by **COX** included the number of cattle that **COX** purported to have purchased on behalf of TBCC.

7. **COX** submitted the invoices to TBCC through the use of a facsimile machine. **COX's** facsimile machine digitized each invoice, and the information contained therein, and transmitted the information through telephone wires. The facsimile-sent invoices traveled from **COX's** office in Christian County, Missouri, to TBCC's office in Amarillo Texas, across interstate lines.

8. Upon receiving the invoices created and submitted by **COX**, TBCC authorized payments to be sent from their bank account to **COX's** bank account in the amount requested by **COX** based on the amount of cattle he claimed to have purchased.

9. Between April 1, 2017, and November 30, 2017, said dates being approximate, **COX** issued invoices to, and entered contracts with TBCC, for the purchase, grazing and transportation of 3247 head of cattle. During the aforementioned period of time, TBCC paid **COX** $2,559,419.06. The number of cattle and the amount paid by TBCC to **COX** were based on the invoices sent by **COX** as a part of his contract with TBCC.

# COUNT 1
(Wire Fraud – 18 U.S.C. § 1343)
## The Scheme

10. Beginning on or about April 1, 2017, and continuing to on or about November 30, 2017, said dates being approximate, the defendant, **DWIGHT MOODY COX,** as the owner of DCCC, contracted TBCC to purchase cattle, provide pasture and feed for the cattle to graze, provide care for the cattle until they achieved a specified body weight, and then ship the cattle to TBCC.

11. During the regular purchase of cattle, beginning on or about April 1, 2017, and continuing to on or about November 30, 2017, **COX** created and sent invoices to TBCC over telephone wires, via facsimile, that stated the monies owed to **COX** for the purported purchase, care and shipment of cattle.

12. **COX** represented that his invoices and the subsequent monies paid by TBCC were for specific amounts of cattle that the defendant had purchased, grazed and feed on his pastures, and provided care for the cattle before shipment.

13. In each invoice sent via wire transmission by **COX**, located in Christian County, Missouri, to TBCC, located in Amarillo, Texas, across state borders, the defendant represented a specific amount of cattle that was purchased and cared for pursuant to his contract with TBCC.

14. **COX** intentionally and knowingly overstated the number of cattle that he purchased to TBCC within each invoice he sent via facsimile.

15. TBCC paid the invoices sent from **COX**, based on the fraudulently inflated numbers of cattle that were claimed to have been purchased and cared for.

3

16. TBCC authorized the payment of the invoices presented by **COX**, believing his representations that the number of cattle claimed to have been purchased on the invoices were actually obtained and cared for by **COX**.

17. At various times from April 1, 2017, and continuing to on or about November 30, 2017, said dates being approximate, while **COX** owned DCCC, he knowingly executed the aforementioned scheme to defraud TBCC to obtain monies from such company by means of false and fraudulent pretenses, representations and promises.

18. On several occasions, over approximately a one-year time span, while owning and operating DCCC, the defendant caused the interstate transmission of wire communications between his company in Christian County, Missouri, to TBCC, in Amarillo Texas, based on his intentional and knowingly misrepresentations of the amount of cattle he purchased, grazed, fed, and cared for on behalf of TBCC.

### The Offense

19. On or about July 27, 2017, said date being approximate, in the Western District of Missouri, and elsewhere, the defendant, **DWIGHT MOODY COX**, having devised and intending to devise the aforementioned scheme and artifice to defraud TBCC, for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted in interstate commerce, wire and radio sounds, and signals, that is, electronic wire transmissions of invoices sent via facsimile over telephone wires originating from **DWIGHT MOODY COX's** business, DCCC, in Christian County, Missouri, located in the Western District of Missouri, to TBCC, located in Amarillo, Texas, in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

20. The allegation of Count 1 in this information is hereby repeated and re-alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provision of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

21. Upon conviction of Count 1 of this Information, the United States intends to pursue forfeiture of all property, real and personal, of defendant **COX**, obtained, directly or indirectly, as a result of the violation of law set out in Count 1 of this information and which constitutes, is derived from, and is traceable to the proceeds obtained directly or indirectly from the criminal conduct alleged in Count 1.

22. Specifically subject to forfeiture is a monetary judgment that constitutes the sum of the aggregate proceeds of the fraudulent scheme in United States Currency that defendant **COX** received from the commission of the offense alleged in Count 1 in the amount of at least $2,403,975.06.

23. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

    (A) cannot be located upon the exercise of due diligence;

    (B) has been transferred to, sold to, or deposited with a third person;

    (C) has been placed beyond the jurisdiction of the Court;

    (D) has been substantially diminished in value; and/or

    (E) has been commingled with other property that cannot be subdivided without difficulty;

5

Case 6:18-cr-03136-BP   Document 5   Filed 12/12/18   Page 5 of 6

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 21 and 22 above, or elsewhere, as being subject to forfeiture.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

PATRICK A. N. CARNEY
Assistant United States Attorney

DATED: 12/12/2018
Springfield, Missouri

6